No. 2569

Second Circuit

ARENDER v. DREW BROTHERS

(May 7, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial judge on matters of fact where clearly correct are affirmed.

Appeal from the Sixth Judicial District Court of Louisiana, Parish of Madison, Hon. F. X. Ransdell, Judge.

Action by L. P. and Ernest B. Arender against Drew Brothers. Two suits which are part of a concursus proceeding. Judgment for defendants and plaintiff appealed.

Judgment affirmed.

John B. Stone, of Tallulah, attorney for plaintiff, appellant.

Drew and Drew, of Minden, attorneys for defendants, appellees.

REYNOLDS, J. These two suits are part of a concursus proceeding provoked by Drew Brothers where in L. P. Arender, Ernest B. Arender, the Louisiana Highway Commission and others were brought into court by legal citation.

The questions in these cases is as the claim of L. P. Arender for a balance of $1837.08 for gravel hauled and damages of $1852.63, as to which latter claim a nonsuit was asked by the claimant; and the claim of Ernest B. Arender is for $1638.00 for gravel hauled.

Both claims grow out of a contract between Drew Brothers and Louisiana Highway Commission for the construction of certain work on what is known as Project Number 117-D.

The district judge before whom the cases were tried, in a well considered written opinion said of the claims.

"The next claim is that of Ernest B. Arender for the sum of $1638.00. This account is interwoven or mixed up with that of Leonard P. Arender which comes next in complainant's petition. These two men are father and son. There is a question as to whether or not they were partners in the work done by them for Drew Brothers. Drew Brothers insisting that they contracted with the Arenders as partners and looked upon them as such, and

the Arenders strenuously denying any such relationship. If we adopt the position of Leonard P. Arender, that is, that Ernest B. Arender worked for him as a subcontractor, then we are confronted with what appears to me to be the true status of this case, and that is, that Leonard P. Arender was settled with in full for work done by him and his son on that road; or, if we adopt the contention of Drew Brothers, that the Arenders were partners, the same conclusion, in my opinion, must be reached; for the evidence of Mr. Hellback, the engineer in charge, through whom the settlements were made, is very positive, to ,the effect, that Arender, was settled with in full for all gravel placed on that road by him or his son. See evidence of C. T. Hellback, pages 34 and 37 of testimony. On account of relationship of father and son of the Arenders, it must be assumed that the son was cognizant of settlement made by the father. It is hard to conceive that any such discrepancy existed, or could exist, as claimed by the Arenders, between the figures of the engineer in charge, which were accepted by Drew Brothers, and on which settlement was made by the Louisiana Highway Commission with Drew Brothers, and by them with Arender, and the amounts now claimed to be due them, by the Arenders. The figures by which Drew Brothers settled with Arender were those used by the Highway Commission in settling with them. See testimony, Hellback, page 66. The testimony of Hellback, an uninterested party, is supported by Jim Barnett and R. C. Drew. Drew Brothers admit retaining out of earnings of Arender a holdback of $479.00, which amount should be paid. It will be noted that during the time the Arenders worked, it is contended that the son, E. B., was paid nothing on work claimed to have been done by him. L. P. Arender explained this testifying that his son could buy goods on credit 'and not paying him would enable me to pay my day labor'; but he does not explain how the boy paid his day labor. The provisions of the statute as to notification of the Highway Commission and Drew Brothers in time provided by law of the existence of these claims seems not to have been complied with. When, as I think it is shown, that Arender was settled with in full, excepting holdback of $479.00. That the evi-

dence rather tends to show that a partnership existed, or that others were led to believe that it existed, between the Arenders. That the relationship of father and son existed and that payments on work, the ways and means of conducting their business, etc., were known to each, and that the boy knew his father was being paid for the work, that they do not satisfactorily account for the boy's receiving no payments during the several months he is alleged to have worked, and from the laws as to notice of claim, etc., having been communicated as directed by the Highway Commission.

"I fell that the claim of E. B. Arender and L. P. Arender should be disallowed, excepting the amount of $490.00, the percentage held back by Drew Brothers.

"For the reasons assigned, it is ordered, adjudged and decreed that the claim of Ernest B. Arender for $1638.00 and that of L. P. Arender for $1852.00, be and the same are hereby disallowed. It is further ordered, adjudged and decreed that Leonard P. Arender do have and recover judgment of and against the said Drew Brothers in the sum of four hundred seventy-nine dollars with legal interest from judicial demand, and costs, and that said amount be paid out of funds held by the Louisiana Highway Commission as balance due Drew Brothers."

The question to be decided is one of fact. The district judge heard and saw the witnesses testify, and after due consideration of all the evidence gave judgment as above shown.

We have carefully considered all of the evidence in the record as to both of the claims and are convinced therefrom that the findings of our learned brother of the district court are correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.